## Dunlap *versus* McKee.

If a party enter a rule of reference under the Act of 16th June, 1836, entitled "An Act relating to reference and arbitration," and fail to serve a copy of the rule on each of the arbitrators, and on the opposite party, his agent or attorney, as required by the said Act, he is liable to the penalty prescribed therein.

It is not necessary to sustain a suit for the penalty, that the party suing shall show an injury sustained by him; the penalty is inflicted as a punishment for the default.

ERROR to the Common Pleas of *Jefferson county*.

The opinion of McCALMONT, P. J., of the Court below, contains the facts and the law of the case, and was delivered as follows :—

" The 36th section of the Act of 16th June, entitled 'An Act relating to Reference and Arbitration,' enacts that 'If the party by whom a rule of reference shall be entered, his agent or attorney, shall fail to cause a copy of the certified rule, or of the record containing the names of the arbitrators, and of the time and place of meeting, to be served as hereinbefore required, he shall, for every such default, forfeit and pay the sum of twenty-five dollars, one-half to the use of the county, and the other half to the use of the person who will sue for the same ; Provided, That nothing herein contained shall be deemed to deprive the Court of the right of setting aside any award obtained without due notice as aforesaid, or shall interfere with the right of the party to recover such damages as he may have sustained.'

" The 16th section of the same Act recites that 'It shall be the duty of the party by whom the rule of reference shall have been entered, to procure from the prothonotary a certified copy of the record containing the names of the arbitrators, and the time and place of their meeting, and to serve a copy of the same on each of the arbitrators, and also on the opposite party, if he reside within the city or county, and if not, upon his agent or attorney, giving at least ten days' notice previous to the day of meeting.' The defendant's counsel has contended that the 36th section of the Act above cited does not authorize a recovery unless some injury has been sustained by the party suing ; and that when the arbitrators do not meet, or the rule is subsequently stricken off by the Court, the party having received no injury is not entitled to recover the penalty. We do not so regard the terms of the Act. The penalty was evidently intended as a punishment on the party whose default should prevent the meeting of the arbitrators chosen in the impartial manner prescribed by the Act. If the arbitrators meet, the party has an interest in having the same arbitrators sit who have been fairly chosen. Should there be no meeting of the arbitrators, in consequence of the want of

[Dunlap *v.* McKee.]

service of the notice, the party against whom the rule has been entered, has been injured by the loss of his time, and the trouble of preparing for a trial; which time and trouble might frequently be more than the penalty.

" The Act, however, fixes a certain penalty, not to the extent of the actual grievance, but as a punishment for the neglect; and be the damages greater or smaller than the penalty, the Act in no wise interferes with the right to recover them; and therefore evidence of them in the penal action would be out of place. The only inquiry is whether the default has been made without sufficient excuse. The jury having passed upon this, was warranted by the evidence in so finding, none having been offered by the defendant.

" It has been objected that the plaintiff sued in his own name before the justice, and that, therefore, the action cannot be sustained. But it is sufficient if the record of the Common Pleas shows the action to be *qui tam.* Here the *narr.* sets forth the character in which the plaintiff sues, which has been decided to be sufficient: Megargell *v.* Hazleton Coal Company, 8 *W. & Ser.* 342.

" Judgment ordered to be entered in favour of the plaintiff upon payment of the jury fee."

*Coxson,* for plaintiff; *Barclay,* for defendant.

The opinion of the Court was delivered by

Lewis, C. J.—The point reserved is not stated in conformity with the rules of law as heretofore explained by this Court. But the answer of the learned judge who presided in the Common Pleas contains a sound exposition of the law on the question discussed.

Judgment affirmed.